UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50062-04 |
| | ) | |
| Plaintiff | ) | AMENDED |
| | ) | ORDER DENYING DEFENDANT'S |
| vs. | ) | MOTION FOR FURTHER |
| | ) | DISCOVERY |
| KENT HAZELRIGG, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant Kent Hazelrigg moved this court to compel the government to

disclose all information concerning the relevant background and government

benefits conferred on those government witnesses who will testify against and

inculpate Mr. Hazelrigg.  See Docket No. 261.  The government resists this

motion.  See Docket No. 300.  Mr. Hazelrigg's motion was referred for decision

to this magistrate judge by the Chief District Court Judge, the Honorable Karen

E. Schreier pursuant to 28 U.S.C. § 636(b)(1)(A).  See Docket No. 265.

## FACTS

Mr. Hazelrigg is charged in a superseding indictment[1] filed with the court

on May 19, 2009, with the crimes of conspiracy to distribute 500 grams or

_____

[1]Mr. Hazelrigg was originally charged with these same crimes involving
methamphetamine in an indictment in which he alone was named as a
defendant in criminal case 08-50047. He was subsequently charged
jointly with a co-defendant in a superseding indictment in this case, and
his former case was administratively closed.

more of methamphetamine and possession of 50 grams or more of methamphetamine with the intent to distribute.  See Docket No. 165, Counts I and II.  The methamphetamine conspiracy count is alleged to have been joined by Mr. Hazelrigg, Mr. Curt Romanyshyn, and other unnamed co-conspirators.  The conspiracy is alleged to have taken place in the District of South Dakota and elsewhere.

The time frames alleged in the indictment for the conspiracy count are from August, 2007, through April, 2008.  The possession with intent to distribute count is alleged to have taken place in February, 2008, in Rapid City, South Dakota.

Mr. Hazelrigg now moves this court to compel the government to disclose and produce exculpatory information regarding cooperating co-defendants, as well as cooperating charged and uncharged co-conspirators.  See Docket No. 261.

## DISCUSSION

Mr. Hazelrigg argues that two United States Supreme Court cases, Giglio v. United States, 405 U.S. 150 (1972), and Rovario v. United States, 353 U.S. 53 (1957), require this court to compel the government to immediately disclose all information concerning the relevant backgrounds of and government benefits conferred on those government witnesses who will testify against and inculpate Mr. Hazelrigg.  See Docket No. 261.  Mr. Hazelrigg's motion makes eight distinct requests for immediate disclosure of specific information,

including the following:

> (1) Full name and occupation of cooperating witness;
>
> (2) What consideration, if any, each cooperating witness received or will receive for cooperation and/or testimony (citations omitted);
>
> (3) Narcotic or controlled substance history and habit (citations omitted);
>
> (4) Psychiatric history (citations omitted);
>
> (5) Criminal history, including probation and parole status (citations omitted);
>
> (6) Any and all statements, in addition to the agent reports, that are material to this case and which should be disclosed to Defendant;
>
> (7) Identification of prior testimony;
>
> (8) Details or disclosure or reports regarding any prior investigations involving each CS or the co-defendant (citations omitted).

Id. Each of Mr. Hazelrigg's requests are discussed in turn below.

## A. Name and Occupation of Cooperating Witnesses

Under Brady v. Maryland, the government must disclose and provide to the defense evidence favorable to the defendant's case. Brady v. Maryland, 373 U.S. 83 (1963). A criminal defendant has a right to any evidence in the government's possession that is favorable to him and that "is material to guilt or punishment." Brady, 373 U.S. at 87. Nondisclosure of exculpatory evidence by the government violates due process as guaranteed by the Fifth and Fourteenth Amendments. Id. at 86.

The court notes that the key consideration with regard to disclosure of

material evidence is the timing element. The government is required to comply with the district court's standing order with regard to disclosure of the names of anticipated witnesses. See Docket No. 171. The district court's standing order states, in pertinent part, "The government shall *timely* furnish all materials required by" Brady and Giglio. See Docket No. 171 (emphasis added).

The trial in this matter is presently set for Tuesday, September 22, 2009. Under Brady, the government must disclose its list of anticipated trial witnesses prior to trial. Brady, 373 U.S. at 87-88. The policy of the United States Attorney's office in this district has traditionally been to disclose Brady, Giglio, and Jencks material no later than the Friday preceding a Tuesday trial start date, in this case no later than Friday, September 18, 2009. See Docket No. 222. As long as the government complies with its obligations under Brady to disclose its witness list before trial, the government is in compliance with the rules of discovery. Mr. Hazelrigg's motion to compel immediate disclosure of the identities of the government's anticipated witnesses is denied.

The court is unaware of any authority which would require the government to disclose the occupation of each of its anticipated witnesses at this time or at any time in advance of trial. Mr. Hazelrigg has not alleged facts which would lead this court to conclude that the requested occupational information would be exculpatory or material to guilt or punishment, which would necessitate disclosure under Brady. Mr. Hazelrigg fails to provide this

court with any other such authority for his request; therefore, Mr. Hazelrigg's request for immediate disclosure of occupational information of co-conspirators or other government witnesses is denied.

## B. Consideration Received by Cooperating Witnesses

The government concedes that Mr. Hazelrigg is entitled to full details concerning any consideration or benefits received by cooperating witnesses, and has apparently already provided Mr. Hazelrigg with a copy of a formal plea agreement reached with one potential witness.  <u>See</u> Docket No. 300.  Because the government apparently intends to rely on testimony from various co-conspirators at trial, the credibility of said co-conspirators is a material issue in the case under <u>Giglio</u>.  "[E]vidence of any understanding or agreement as to future prosecution [is] relevant to such witness' credibility, and the jury [is] entitled to know of it."  <u>Giglio</u>, 405 U.S. at 155.  Under <u>Brady</u>, material evidence must be disclosed in advance of trial.  <u>Brady</u>, 373 U.S. at 87-88.

Because the government apparently understands and intends to comply with its obligations under <u>Brady</u>, Mr. Hazelrigg's motion to compel immediate disclosure of consideration received by co-conspirators or witnesses is denied. The government is directed to comply with pretrial disclosures as required by <u>Brady</u> and <u>Giglio</u>.

## C. Drug Use and Psychiatric Histories of Cooperating Witnesses

This court is unaware of any authority requiring the government to conduct an investigation into a witness' history of drug use or psychiatric

history and provide the results of any such investigation to a defendant.

However, to the extent that the government is aware of such information and it

can be deemed relevant to the credibility of the witness or material to guilt or

punishment, the government must disclose it.  Giglio, 405 U.S. at 154-55.  See

Brady, 373 U.S. at 87.

## D.  Criminal History of Cooperating Witnesses

The government is required to make disclosure of information known to

it about any known criminal history of its witnesses because such information

is considered to be material to witness credibility.  The government has

apparently already provided some known criminal history of certain anticipated

witnesses to Mr. Hazelrigg.  See Docket No. 300.  The court agrees that the

government is required to make such disclosures under Brady and Giglio, and

directs the government to comply with its obligations under the same.  To the

extent that Mr. Hazelrigg requests immediate disclosure of criminal history of

cooperating witnesses, his motion to compel disclosure is denied.

## E.  Statements and Prior Testimony Made by Cooperating Witnesses

The district court's standing order provides that witness statements,

prior testimony, and other Jencks materials  are to be timely disclosed.  See

Docket No. 171.  This court is bound by the district court's scheduling order

and therefore orders the government to make disclosure of witness statements,

prior testimony, and other Jencks material prior to trial, currently set for

September 22, 2009.  The district court's standing order provides, "Any written

statements of plaintiff's witnesses discoverable under the <u>Jencks</u> Act, 18 U.S.C. § 3500, shall be furnished to the defendant unless the government demands strict compliance with the <u>Jencks</u> Act." <u>See</u> Docket No. 171. To the extent that Mr. Hazelrigg requests earlier disclosure, his motion to compel is denied.

**F. Prior Investigations of Cooperating Witnesses or the Co-Defendant**

As with the other categories of requested information, Mr. Hazelrigg's contention that he is entitled to the information he requests is correct. <u>See</u> Docket No. 261. However, the court not does not agree that the information sought is required to be disclosed at this time. Mr. Hazelrigg cites no rule or case law, nor does he point to any compelling need, requiring immediate disclosure. The government apparently understands and intends to comply with its obligations in this regard as well, and is so directed to comply. <u>See</u> Docket No. 300. To the extent that Mr. Hazelrigg requests earlier disclosure, his motion for further discovery is denied.

**CONCLUSION**

Good cause appearing, it is hereby

ORDERED that Kent Hazelrigg's motion for further discovery is denied. It is further hereby

ORDERED that the government shall comply with its obligations to make pretrial disclosures under <u>Brady</u> and <u>Giglio</u>.

# NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. <u>See</u> Fed. R. Crim. P. 59(a). The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. <u>See</u> Fed. R. Crim. P. 58(g)(2), 59. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Fed. R. Crim. P. 59(a). Objections must be timely and specific in order to require review by the district court.

Dated September 15, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE