UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50062-04-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION TO DISMISS |
| CURT ROMANYSHYN | ) | |
| a/k/a Constantine Romanyshyn, | ) | |
| and KENT HAZELRIGG, | ) | |
| | ) | |
| Defendants. | ) | |

On May 19, 2009, defendants Curt Romanyshyn and Kent Hazelrigg were named in a multi-count superseding indictment and charged with various drug-related offenses, including conspiracy and distribution. Hazelrigg moves to dismiss the superseding indictment for multiple reasons. The government resists Hazelrigg's motion. After considering the parties' briefs and the relevant statutory and case law, the court denies Hazelrigg's motion.

**I.      Count I**

Hazelrigg moves to dismiss the first charge in the superseding indictment on seven separate grounds: (A) failure to state a crime, (B) duplicitous charging, (C) violation of Wharton's Rule, (D) prejudicial surplusage, (E) vagueness, (F) unknown quantities, and (G) venue and jurisdiction.

### A. Failure to State a Crime

Hazelrigg first argues that the case should be dismissed because the superseding indictment is insufficient. It alleges that defendants "did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown." Hazelrigg contends that the statute he is being charged under, 28 U.S.C. § 846, uses only the word "conspires" to describe the alleged act. A superseding indictment is sufficient where it "fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988).

As long as these criteria are met, it does not matter whether the superseding indictment uses "a particular word or phrase" from the statute. United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001). A superseding indictment is insufficient "only if an 'essential element "of substance" is omitted.' " Id. (quoting Mallen, 843 F.2d at 1102). No essential element of the crime is missing, and the language provides sufficient notice for defendant "to prepare his defense and to plead double jeopardy to any future prosecution." Mallen, 843 F.2d at 1103. Therefore, the first count of the superseding indictment sufficiently states a crime. See United States v. Stockman, 2009 WL 2595613, at *1 (D.S.D Aug. 20, 2009).

**B.     Duplicitous Charging**

Hazelrigg next argues that the first count of the superseding indictment should be dismissed as duplicitous because it charges in one count both the crime of distribution and possession with intent to distribute.  Duplicitous charging must be avoided because a verdict of guilty on a single count will not reveal whether the jury found the defendant guilty of both crimes or only one of the two.  But, in the instant case, both crimes are violations of 21 U.S.C. § 841(a)(1), and "[w]here the statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." Gerberding v. United States, 471 F.2d 55, 59 (8th Cir. 1973).  Because the charged offense of conspiracy to violate § 841(a) can be accomplished through either the act of distribution or possession with intent to distribute, the court finds that the count is not duplicitous.

**C.     Violation of Wharton's Rule**

Hazelrigg next argues that the first count of the superseding indictment should be dismissed because it violates Wharton's Rule.  Wharton's Rule "operates as a narrow exception to the general principle that a conspiracy and its underlying offense do not merge" and applies only "when there is a 'general congruence of the [conspiracy] agreement and the completed substantive offense.' " United States v. Hines, 541 F.3d 833, 838 (8th Cir. 2008) (quoting Iannelli v. United States, 420 U.S. 770, 781-82 (1975)).  The clearest indicator

3

that this congruence exists is when the number of people involved in the agreement is equal to the number of people necessary to commit the crime. See United States v. Jones, 801 F.2d 304, 311 (8th Cir. 1986) (quoting Anderson, Wharton's Criminal Law and Procedure § 89 p. 191 (1957)).

The Eighth Circuit Court of Appeals has held that where the record indicates that more than two persons were involved in a conspiracy to distribute drugs, Wharton's Rule does not apply. Jones, 801 F.2d at 311. Moreover, the court expressed skepticism about whether Wharton's Rule is applicable to 21 U.S.C. § 846 at all by quoting at length a Second Circuit Court of Appeals case that so held. Even if Wharton's Rule does apply to drug conspiracies in the Eighth Circuit, it would only apply to the instant case if the government only produces evidence that the co-defendants sold to each other and no evidence that they sold to anyone else. Further, because possession with intent to distribute does not require two participants for completion of the criminal act, that method of proving the conspiracy charge would not implicate Wharton's Rule. Accordingly, the court finds that the first count of the superseding indictment does not violate Wharton's Rule.

**D.     Prejudicial Surplusage**

Hazelrigg next argues that the first count of the superseding indictment should be dismissed because it contains language in excess of that found in the statute. Specifically he takes issue with the phrases, "combine, . . . confederate and agree with . . . others," "a Schedule II controlled substance,"

4

and "methamphetamine, its salts, isomers, and salts of its isomers."  Hazelrigg cites United States v. Oakar, 111 F.3d 146 (D.C. Cir. 1997), as an example of the rule that language that is "immaterial, irrelevant, and apt to convey prejudicial and immaterial material to the jury" should be stricken from the superseding indictment.  (Def.'s Motion and Mem. to Dismiss, Docket 256 at 3.) The Oakar court, however, noted that "[m]aterial that can fairly be described as 'surplus' may only be stricken if it is irrelevant and prejudicial," and reversed a district court's decision to strike language because the lower "court made no finding that the stricken allegations were either irrelevant or prejudicial." Oakar, 111 F.3d at 157.

     Hazelrigg has not demonstrated that any of the phrases in the superseding indictment are irrelevant or prejudicial.  In fact, although it was not considering the specific issue of prejudice, the Eighth Circuit Court of Appeals has held that the words "combined, conspired, confederated, and agreed" adequately set forth the charge of conspiracy.  See White, 241 F.3d at 1021.  The two phrases used to describe the unlawful substance around which the conspiracy is alleged to have been organized appear in Congress's definition at 21 U.S.C. § 812.  Accordingly, the court finds that the language of Count I of the superseding indictment is not prejudicial surplusage because Hazelrigg has not established that these phrases that are found within the applicable laws are irrelevant or prejudicial.

### E. Vagueness

Hazelrigg next argues that the first count of the superseding indictment should be dismissed for being too vague. A superseding indictment is sufficient where it "fairly informs the accused of the charges against him and allows him to plead double jeopardy as a bar to future prosecution." Mallen, 843 F.2d at 1102. Here the first count of the superseding indictment is specific enough to fulfill both criteria.

### F. Unknown Quantities

Hazelrigg next argues that the first count of the superseding indictment should be dismissed because he has "no idea what quantities the government is alleging in this case." (Def.'s Motion and Mem. to Dismiss, Docket 256 at 3.) He relies on Apprendi v. New Jersey, 530 U.S. 466 (2000), for the proposition that "[e]very fact, including quantities, that increases a penalty must be set forth in the indictment, submitted to the jury, and found beyond a reasonable doubt." (Def.'s Motion and Mem. to Dismiss, Docket 256 at 4.) Hazelrigg also argues that the penalty provisions associated with 21 U.S.C. § 841(a)(1) are unconstitutional because they deprive him of the right to have a jury determine the quantities beyond a reasonable doubt.

First, the superseding indictment alleges a quantity of methamphetamine in the amount of "500 grams or more." (Superseding Indictment, Docket 165 at 1.) Thus, by reading the superseding indictment, Hazelrigg should be aware of the quantity that is alleged by the government.

6

Second, the government recognizes that "the jury will, in fact, be required to make a finding of any quantity that would increase the penalty beyond the statutory maximum of 20 years otherwise applicable to methamphetamine under 21 U.S.C. § 841(b)(1)(C)." (Government's Mem. in Opposition to Defednant's Motion to Dismiss, Docket 258 at 4-5.) Thus, Hazelrigg's motion to dismiss Count I because of unknown quantities is denied.

### G. Venue and Jurisdiction

Hazelrigg next argues that the first count of the superseding indictment should be dismissed because it improperly alleges venue and jurisdiction. The superseding indictment alleges that the conspiracy was committed in the "District of South Dakota and elsewhere," and Hazelrigg argues that the phrase implicates crimes over which the court has no jurisdiction. Hazelrigg also requests that the government should be prohibited from offering evidence of any conspiracy committed in any other state. But "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Accordingly, the court has jurisdiction over any crimes Hazelrigg is alleged to have committed at least partially in the District of South Dakota, and Hazelrigg's request that evidence of conspiracy committed in another state be excluded is denied as long as that conspiracy was "begun, continued, or completed" in South Dakota. See id.

7

**II. Count II**

For the same reasons stated above with regard to Hazelrigg's arguments that pertain to Count I, the court rejects Hazelrigg's arguments that are repeated with regard to Count II. Thus, Hazelrigg's motion to dismiss Counts I and II in the superseding indictment is denied.

Accordingly, it is hereby

ORDERED that Hazelrigg's motion to dismiss (Docket 256) is denied.

Dated September 16, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE