UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 08-50062-04-KES |
|---|---|---|
| Plaintiff, | ) ) | ORDER OVERRULING OBJECTIONS TO MAGISTRATE |
| vs. | ) ) | JUDGE'S ORDERS DENYING DEFENDANT'S MOTION FOR |
| KENT HAZELRIGG, | ) ) | SEVERANCE, DISCLOSURE OF CO-CONSPIRATOR'S |
| Defendant. | ) ) | STATEMENT AND FOR BILL OF PARTICULARS |

The superseding indictment charges defendant Kent Hazelrigg with the crimes of conspiracy to distribute methamphetamine (Count I) and possession with the intent to distribute methamphetamine (Count II). Also charged in Count I as a co-conspirator is co-defendant Curt Romanyshyn and other unnamed co-conspirators.

Hazelrigg moves to sever his trial from the trial of Romanyshyn, for a bill of particulars, and for disclosure of co-conspirator's statements and for a James hearing. The government opposes the motions. The court referred the motions to Magistrate Judge Veronica Duffy pursuant to 28 U.S.C. § 636(b)(1)(A). Magistrate Judge Duffy denied Hazelrigg's motions for severance, for a bill of particulars, and for disclosure of co-conspirator's statements and for a James hearing. Hazelrigg now seeks reconsideration of those orders.

**STANDARD OF REVIEW**

A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). See also Ferguson v. United States, 484 F.3d 1068, 1076 (8th Cir. 2007). The district court shall review the objected to portions of the order de novo. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

**A.    Severance**

Magistrate Judge Duffy concluded that Hazelrigg and Romanyshyn were properly joined under Federal Rule of Criminal Procedure 8(b) because the indictment alleges that they participated in the same exact drug conspiracy in Count I and that, in separate counts, they are alleged to have distributed methamphetamine in Rapid City, South Dakota, in February of 2008.

Hazelrigg moves this court to reconsider and reverse the magistrate judge's order. Hazelrigg argues that defendants are improperly joined in the same indictment because the government does not have evidence that Romanyshyn and Hazelrigg engaged in any action between themselves or others that could satisfy the definition of a federal conspiracy. Hazelrigg asks this court to make the government proffer its conspiracy evidence.

Hazelrigg is in essence arguing that the government does not have sufficient evidence to support the finding of probable cause by the grand jury. The Eighth Circuit has recognized, however, that "an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999).

"Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982), cert. denied, 459 U.S. 1040 (1982). Because both Hazelrigg and Romanyshyn are alleged to have engaged in the same drug conspiracy in Count I, Rule 8(b) is satisfied.

Hazelrigg also contends that he is entitled to severance under Rule 14 because the jury would not be able to compartmentalize the evidence, the government's evidence is not sufficient to make a prima facie case of conspiracy, and the magistrate judge erred in finding that Hazelrigg did not present sufficient evidence that, if tried alone, Romanyshyn would testify on his behalf.

Even if joinder of the defendants is proper under Fed. R. Crim. P. 14(a), the court may sever the defendants' trials if joinder would appear to prejudice a defendant or the government. United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). The burden, however, is upon the defendant to show "real prejudice." Id. "Real prejudice" is shown if either the moving defendant's defense is irreconcilable with the defense of the co-defendant or the jury would be unable to compartmentalize the evidence as it relates to the separate defendants. Id. at 916-17. "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.'" Id.

Here, the jury will be instructed on what the government needs to prove in relation to each offense and each defendant charged. And the jury will be instructed to consider each defendant separately. Other than general conclusory objections, Hazelrigg has not made a sufficient showing that the jury would be unable to follow these instructions. With regard to the sufficiency of the evidence of a conspiracy, that issue is properly addressed at the close of the government's case and not in a motion to sever. Finally, Hazelrigg's contention that Romanyshyn would testify on his behalf if the defendants were severed is not sufficient to show that his co-defendant's testimony would be "substantially exculpatory" as is required by United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004). The

4

proffered testimony of Romanyshyn is a general statement that to his knowledge Hazelrigg did not participate in the conspiracy to distribute methamphetamine. Similar testimony has not been considered by the Eighth Circuit to be "substantially exculpatory" because it was merely a legal conclusion without facts to support it. Id. Thus, after a de novo review of Magistrate Judge Duffy's order, this court finds that Hazelrigg has not shown that the order denying severance is clearly erroneous or contrary to law.

**B.    Bill of Particulars**

Hazelrigg contends that his motion was timely filed because it was filed three months prior to the superseding indictment. The filing of the superseding indictment, however, would make moot any objections to the form of the indictment. Therefore, if Hazelrigg believed the superseding indictment was defective, it was incumbent upon him to file a motion for a bill of particulars within 10 days of his arraignment or at a later time if the court permitted. See Fed. R. Crim. P. 7(f). Because Hazelrigg did not ask this court to make a ruling on his previously filed motion for a bill of particulars until more than three months after his arraignment, the motion is untimely.

Hazelrigg also contends that while he has received discovery, he is unable to determine how the government arrived at the 500 grams or more

5

of methamphetamine quantity alleged in the indictment. A bill of particulars, however, is not a discovery device and should not be granted if the desired information has been provided through pretrial discovery or in some other acceptable manner. 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure § 130 at 659. The government has represented to the court in other hearings in this matter that it has afforded Hazelrigg's attorney an opportunity to review his entire file. The government is operating under an open file policy with regard to this case. Because the information is available to Hazelrigg through pretrial discovery, a bill of particulars should not be granted on this basis.

Hazelrigg further contends that he should be entitled to the same level of discovery as is permissible in a civil case. The Federal Rules of Criminal Procedure, however, govern discovery issues in a criminal case and not the Federal Rules of Civil Procedure. Furthermore, the government has provided Hazelrigg with access to all the discovery in this matter. Therefore, this objection is meritless. Thus, after a de novo review of Magistrate Judge Duffy's order, this court finds that Hazelrigg has not shown that the order denying a bill of particulars is clearly erroneous or contrary to law.

**C.    Disclosure of Co-Conspirator's Statements and James Hearing**

Hazelrigg contends that he is entitled to a pretrial hearing on the admissibility of a co-conspirator's statement based on Bourjaily v. United

6

States, 483 U.S. 171 (1987) and Fed. R. Evid. 104(a). The Eighth Circuit Court of Appeals, however, has recommended a procedure for determining the admissibility of a co-conspirator's statement that does not require a pretrial hearing. See United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978). This procedure was recently affirmed in United States v. Spotted Elk, 548 F.3d 641, 660-61 (8th Cir. 2008). Furthermore, the court in Bourjaily made no finding that a factual determination of admissibility must take place prior to trial.

Hazelrigg also contends that the admission of co-conspirator statements violates the Confrontation Clause. The Eighth Circuit Court of Appeals, however, has concluded that "co-conspirator statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore do not violate the Confrontation Clause as interpreted by the Supreme Court [in Crawford]." United States v. Singh, 494 F.3d 653, 658 (8th Cir. 2007).

Finally, Hazelrigg contends that the government should be compelled to make an offer of proof of the co-conspirator statements prior to trial. The government has represented to the court that it has provided Hazelrigg access to its entire file prior to trial, which would include co-conspirator statements. As a result, this objection is moot. Thus, after a de novo review of Magistrate Judge Duffy's order, this court finds that Hazelrigg has not

shown that the order denying disclosure of co-conspirator statements and a James hearing is clearly erroneous or contrary to law.

Based on the foregoing discussion, it is hereby

ORDERED that defendant's motion to reconsider the magistrate judge's order denying defendant's motion to sever the trial of his charges from that of his co-defendant (Docket 325) is denied.

IT IS FURTHER ORDERED that defendant's motion to reconsider the magistrate judge's order denying bill of particulars (Docket 326) is denied.

IT IS FURTHER ORDERED that defendant's motion to reconsider the magistrate judge's order denying disclosure of co-conspirator statements and for James hearing (Docket 324) is denied.

Dated October 29, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE