UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50062-04-KES |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | IN LIMINE |
| CURT ROMANYSHYN | ) | |
| a/k/a Constantine Romanyshyn, | ) | |
| and KENT HAZELRIGG, | ) | |
| Defendants. | ) | |

Defendant Kent Hazelrigg moves in limine to preclude the government from introducing into evidence results of a urine sample test that confirmed the existence of methamphetamines in urine that was purportedly taken from him. The urine sample was not preserved by the investigating agency and therefore is not available for retesting.

Hazelrigg contends there is a serious question as to whether the urine that was analyzed came from his person or whether it showed the existence of methamphetamines. He further contends that he is being denied his due process rights by the destruction of potentially exculpatory evidence. He argues that he could have had the urine tested using DNA testing to determine if in fact it was his urine and whether methamphetamines actually were detectable within the urine.

As interpreted in Brady v. Maryland, 373 U.S. 83 (1963), the Due Process Clause of the Fourteenth Amendment makes the good or bad faith of the government irrelevant when the government fails to disclose to the defendant

material exculpatory evidence. But a different result is reached when the issue is whether the government failed to preserve evidentiary material "of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant." Arizona v. Youngblood, 488 U.S. 51, 57 (1988). Law enforcement's failure to preserve potentially useful evidence does not constitute a denial of due process of law unless the defendant can show that law enforcement acted in bad faith. Id. at 58. "The Due Process Clause of the Fourteenth Amendment does not require that law enforcement agencies preserve samples in order to introduce results at trial." United States v. Boswell, 270 F.3d 1200, 1206 (8th Cir. 2001). See also California v. Trombetta, 467 U.S. 479, 491 (1984).

Hazelrigg argues that if the urine had been saved, he would have conducted tests on it and the results might have shown that it was not his urine and that the urine did not test positive for methamphetamines. Thus, the evidence constitutes potentially useful evidence and not material exculpatory evidence, and the burden is on Hazelrigg to show that law enforcement acted in bad faith in its destruction of the urine. Hazelrigg, however, has made no showing that the urine was destroyed in bad faith. At most, the record shows that DEA acted negligently in not preserving the urine sample. See United States v. Iron Eyes, 367 F.3d 781, 786 (8th Cir. 2004) (police authorized destruction of mattress with urine on it was not in bad faith

and at most negligent). As a result, Hazelrigg's due process rights were not violated by DEA's failure to preserve the urine sample.

Hazelrigg will have the opportunity to raise the issue of the destruction of the urine during trial and can impeach the reliability of the test results without a reexamination of the urine sample. Therefore, he will have the opportunity to raise doubts in the mind of the jury.

Hazelrigg also contends that the evidence is not relevant. The government contends that it may be relevant to show that Hazelrigg possessed with the intent to distribute methamphetamine. The court cannot at this time determine the theory of Hazelrigg's defense. As a result, the court will reserve ruling on the admissibility of the evidence until the time of trial. Hazelrigg will need to interject his objection when the government offers the evidence. Additionally, the government will, of course, have to lay proper foundation for the admission of the evidence. Accordingly, it is

ORDERED that Hazelrigg's motion in limine (Docket 308, Part 2) is denied.

Dated October 30, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE